UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

BUSHIDO CAPITAL MASTER FUND, L.P., BCMF
TRUSTEES, L.L.C.,

                   *Plaintiffs*,        Index Number: 08-CV-0145

      -against-                   <u>VERIFIED ANSWER</u>

HELIOS COATINGS, INC.,

                   *Defendant*.

———————————————————————X

     Defendant, HELIOS COATINGS, INC., (hereinafter "Defendant"), by its attorneys, Sanders, Ortoli, Vaughn-Flam & Rosenstadt, LLP, as and for their answer to the Plaintiffs' Complaint, dated January 7, 2008, (hereinafter the "Complaint"), sets forth as follows:

1. Defendant admits that the Note referred to in paragraph 1 of the Complaint speaks for itself. The allegations set forth in paragraph 1 of the Complaint set forth a legal conclusion to which no response is required.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that the Note referred to in paragraph 12 of

the Complaint speaks for itself.

6. The allegation set forth in paragraph 6 of the Complaint sets forth a legal conclusion to which no response is required.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that Bushido capital Master Fund, L.P. loaned funds to Helios.

11. Defendant admits that the Note referred to in paragraph 11 of the Complaint speaks for itself.

12. Defendant admits that the Note referred to in paragraph 12 of the Complaint speaks for itself.

13. Defendant admits that the Note referred to in paragraph 13 of the Complaint speaks for itself.

14. Defendant admits that the Note referred to in paragraph 14 of

SANDERS ORTOLI
VAUGHN-FLAM &
ROSENSTADT, LLP
501 Madison Avenue
New York N.Y. 10022
tel 212-588-0022

the Complaint speaks for itself.

15. Defendant admits that the Note referred to in paragraph 15 of the Complaint speaks for itself.

16. The allegation set forth in paragraph 16 of the Complaint sets forth a legal conclusion to which no response is required. Notwithstanding the foregoing, Defendant admits that the Note referred to in paragraph 16 of the Complaint speaks for itself.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. The allegation set forth in paragraph 19 of the Complaint sets forth a legal conclusion to which no response is required.

20. Defendant admits that the Note referred to in paragraph 20 of the Complaint speaks for itself.

21. Defendant admits that the Note referred to in paragraph 21 of the Complaint speaks for itself.

22. Defendant admits that the Note referred to in paragraph 22 of the Complaint speaks for itself.

SANDERS ORTOLI
VAUGHN-FLAM &
ROSENSTADT, LLP
501 Madison Avenue
New York N.Y. 10022
tel 212-588-0022

23. The allegation set forth in paragraph 23 of the Complaint sets forth a legal conclusion to which no response is required.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegation set forth in paragraph 25 of the Complaint.

26. Defendant admits that the Note referred to in paragraph 26 of the Complaint speaks for itself.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the 'wherefore' paragraph of the Complaint.

30. All allegations not expressly admitted in this answer are denied.

SANDERS ORTOLI
VAUGHN-FLAM &
ROSENSTADT, LLP
501 Madison Avenue
New York N.Y. 10022
tel 212-588-0022

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. Plaintiffs' Complaint fails to state a claim on which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. The Complaint, and each purported claim for relief asserted therein, is barred by the equitable doctrines of waiver, estoppel, duress and/or abandonment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. That Complaint, and each purported claim for relief asserted therein, is barred by applicable statutes of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34. Plaintiffs assumed the risk of their own loss.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35. Plaintiffs failed to honor all of the terms of the Note.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36. Plaintiffs' claims are barred by the doctrines of accord and satisfaction, release, res judicata and/or unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37. The Complaint fails to join a party in whose absence complete relief cannot be accorded among those already joined herein.

SANDERS ORTOLI
VAUGHN-FLAM &
ROSENSTADT, LLP
501 Madison Avenue
New York, N.Y. 10022
tel 212-588-0022

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

38. The Complaint is barred in whole or in part by the doctrine of laches.

WHEREFORE, the Defendant respectfully request that the Complaint be dismissed in its entirety, with prejudice; and that the Defendant be awarded costs, including, without limitation, reasonable attorney's fees, along with such other and further relief as to this court deems just and proper under the circumstances.

Dated:   New York, New York
         March 3, 2008

*[signature]*
Gena Zaiderman (GZ1943)
Sanders Ortoli Vaughn-Flam & Rosenstadt, LLP
*Attorneys for Defendant*
501 Madison Avenue, 14th Floor
New York, N.Y. 10022
(212) 588-0022

To:  Peter R. Ginsberg
     Crowell & Moring, LLP
     *Attorneys for Plaintiffs*
     Bushido Capital Master Fund, L.P., and
     BCMF Trustees, L.L.C.
     153 East 53rd Street, 31st Floor
     New York, N.Y. 10022
     (212) 223-4000

SANDERS ORTOLI
VAUGHN-FLAM &
ROSENSTADT, LLP
501 Madison Avenue
New York N.Y. 10022
tel 212-588-0022

## VERIFICATION

STATE OF NEW YORK  )
COUNTY OF NEW YORK ) : ss.:

MARK E. LEININGER, being duly sworn, deposes and says:

I am Chairman and CEO of the Defendant corporation in the current action. I have read the foregoing Answer and know the contents thereof; the same it true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_/s/ Mark E. Leininger_
Mark E. Leininger as
Chariman and CEO of
Helios Coatings, Inc.

Sworn to before me on the
3rd day of March, 2008

_/s/_
Notary Public

SANDERS ORTOLI
VAUGHN-FLAM &
ROSENSTADT, LLP
501 Madison Avenue
New York N.Y. 10022
tel 212-588-0022